Citation Nr: 1518719 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 96-23 729A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUES

1. Whether the character of the Veteran's discharge from military service constitutes a bar to Department of Veterans Affairs (VA) benefits for the service period from March 10, 1951 to April 6, 1954.

2. Entitlement to service connection for residuals of low back injury.


ATTORNEY FOR THE BOARD

James R. Springer, Associate Counsel





INTRODUCTION

The Veteran served on active duty in the United States Army from March 1948 to April 1954 including service in the Republic of Korea.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from administrative and rating decisions in January 1955 and March 1996 by the VA Regional Office (RO) in North Little Rock, Arkansas.

The Veteran died in January 2013. The appellant is the Veteran's adult daughter. In March 2013, the RO granted substitution as appellant in place of the deceased Veteran for the purpose of accrued benefits for payment of unreimbursed expenses of the Veteran's last illness and burial.

In December 2012, following an extended period of due process actions and evidentiary development, the Board found that the character of discharge for the Veteran's active military service from March 10, 1951 to April 6, 1954, was a bar to an award of VA benefits. The Board remanded the claim for service connection for residuals of a low back disorder for further development. The Veteran appealed the decision to the U.S. Court of Appeals for Veterans Claims (Court).

In June 2013, the Court vacated the Board's decision and remanded the issues and claim for compliance with the instructions in a Memorandum Decision.

In February 2014, the Board remanded the appellant's claim for additional development. The case has now returned to the Board.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board sincerely apologizes for the additional delay of adjudication of the appellant's claims, but a remand is necessary to ensure a complete record on which the Board can base its decision. The Board is cognizant of the fact that the appellant's case has been in adjudicative status for many years and that it has already been remanded in the past. Consequently, the Board wishes to assure the appellant that it would not be remanding this case again unless it was essential for a full and fair adjudication of her claim.

Upon review of the claims file, the Board finds that the development directed by the Board in the February 2014 remand was not accomplished. Where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268, 271 (1998).

For background, the Veteran served as a U.S. Army supply clerk and medical technician. Most service treatment and personnel records were not recovered and are assumed to have been destroyed in a record repository fire in 1973. The Veteran reported that his medical training and duties were as a field operating room scrub nurse. He contended in many written statements that he was seriously injured in a vehicle accident in Korea in September 1951. He reported that he was on a resupply mission and asleep at the time of the accident. He later learned that the vehicle was either driven into a ditch or hit a land mine. He reported that he underwent weeks of treatment in field stations and a general hospital before returning to his duties in Korea. He contended that he experienced chronic back pain since the accident and later developed lumbar spine disease as a result of the injury in active service.
The record suggests that the Veteran applied for unidentified VA benefits in 1954. The Veteran contended that the benefit was for service connection for residuals of the low back injury.

The only record relevant to that injury that has been recovered is an Organization or Detachment Commander's Report. A medical officer noted that the Veteran "was taken sick" on September 5, 1951 in the line of duty. The officer noted that the "IMM Disposition" was "dy" with no final disposition recorded. The Board interprets the notation as indicating that the immediate disposition was a return to duty. Requests for Army Surgeon General's Reports and records of treatment reported by the Veteran at a general hospital in Tokyo were unsuccessful.
 
For the purposes of brevity and clarity for this remand, the Board will not summarize the entire procedural history. The dispositive issues are whether the character of the Veteran's active service at the time of the contended injury is a bar to benefits, and if not, whether the Veteran's reported chronic low back pain and later diagnosis of lumbar spine disease was caused or aggravated by a traumatic injury in 1951.

In January 1955, VA issued an administrative decision finding that the appellant had not been eligible for complete separation from service when discharged on October 27, 1951, and that he therefore had one continuous period of service from March 10, 1948 to April 6, 1954. The RO concluded that the appellant was barred from certain VA benefits for his continuous period of service from March 10, 1948 to April 6, 1954. However, the record did not show that the Veteran was informed of the decision or his appellate rights. 

In February 1995, the RO reviewed the evidence of record again and determined that the Veteran had honorable service from March 10, 1948 to March 9, 1951. The RO found that the Veteran's discharge on October 27, 1951 was conditional and that his active service, to include the date of the injury, was a bar to VA benefits because the Veteran was discharged in April 1954 for conviction of a felony offense in civil court. The Board affirmed this decision in November 2011, finding that the Veteran was eligible for an unconditional discharge at the end of his original term of service in March 1951 and that his October 1951 reenlistment was conditional. Thus, the Board found that the Veteran had a second period of active service from March 1951 to April 1954 and that the character of this service was a bar to benefits because of the early discharge for a civil felony conviction. 

A person shall be considered to have been unconditionally discharged or released from active military, naval, or air service when (1) the person served in the active military, naval, or air service for the period of time the individual was obligated to serve at the time of entry into service; (2) the person was not discharged or released from such service at the time of completing that period of obligation due to an intervening enlistment or reenlistment; and (3) the person would have been eligible for a discharge or release under conditions other than dishonorable at that time except for the intervening enlistment or reenlistment. See 38 C.F.R. § 3.13(c) (2013).

U.S. Army documents provide evidence both for and against whether the Veteran's contended injury occurred during a period of honorable service. 

The Veteran was issued a Report of Separation from the Armed Forces of the United States (DD Form 214) awarding an honorable discharge effective October 27, 1951. The discharge was executed at the Veteran's duty station in Korea. The report showed that the Veteran enlisted on March 10, 1948 for a term of three years. His net active service was 3 years, 4 months, 25 days. The extension of his enlistment was in part to make up for time lost under Section 6 (a), Appendix 2b of the Manual for Court Martial 1951. This reference requires soldiers to make good time lost because of desertion, absence without official leave, confinement, or awaiting trial. As many of the Veteran's records have not been recovered, the reason for the lost time is not clear, but the extension was not voluntary. The DD Form 214 also shows that the Veteran's active service was involuntarily extended for 83 days for convenience of the government. The record contains citations to legislation by Congress that authorized the President to extend enlistments in the Armed Forces for periods not to exceed 12 months. 

Nevertheless, the DD Form 214 clearly indicates that the Veteran was honorably discharged on October 27, 1951 with the reason for discharge noted as "AR 615-360 ETS." The version of the regulation in effect at this time indicated that the reason was the expiration of term of service. The Veteran reenlisted the next day, October 28, 1951 for a term of six years. Although not shown on the document, the Veteran reported that he received a reenlistment bonus and continued to perform duties in Korea. 

In April 1954, the Veteran was issued another DD 214 that also showed a reenlistment on October 28, 1951 for a term of six years. The Veteran was discharged after 2 years, 26 days of credited service and 133 days of lost time because of the civil conviction. 

In August 2008, the Army Adjutant General issued a Correction to DD 214 (DD Form 215) that added additional military awards but again cited a separation date of October 27, 1951.

In September 1954, the RO prepared a Request for Army Information (VA Form 3101) with the Veteran's correct name and service number. In part, the RO asked the Army Adjutant General, "Was veteran entitled to complete separation from service on 10- 27-51?" In November 1954, the Adjutant General's representative responded, "Not eligible for complete separation when discharged on 27 Oct. 1951." The Adjutant General did not provide any reasons for this determination. 

On appeal, the Court found that the Board did not provide adequate reasons for the finding that the Veteran's first term of service ended in March 1951 and that there was no rationale for the Army's finding that the Veteran was not eligible for complete separation in October 1951. The Court noted that additional coordination between VA and the Army was necessary to uncover a rationale. The Board agrees as the Adjutant General's determination is not consistent with the notations on the October 1951 DD-214 that the discharge was executed at ETS (expiration of term of service), or the August 2008 DD-215 that referred to a separation date of October 1951.

In the February 2014 remand, the Board instructed the AOJ to undertake further development to clarify the nature and character of the Veteran's service. Specifically, the AOJ was to provide copies of the Veteran's DD Form 214s, as well as a copy of the November 1954 response from the Army Adjutant General, to the National Personnel Records Center (NPRC). After reviewing the records, the NPRC was to answer a number of questions. The NPRC was to provide detailed answers and explanations. If a detailed response could not be obtained from the NPRC, the AOJ was to provide the same documents and the same questions to the Army Adjutant General to obtain a detailed explanation.

In March 2014, the AOJ sent a letter to the NPRC requesting answers to the Board's questions. In April 2014, the NPRC responded to the AOJ's inquiry by stating that the records needed to answer the inquiry were not available, and that they may have been lost in the 1973 fire.

In May 2014, the AOJ sent a letter to the Army Adjutant General requesting the same information. To date, no response has been received.

The Board notes that on the May 2014 letter to the Army Adjutant General, the AOJ indicated the inclusion the Veteran's DD Form-214s and the November 1954 response from the Army Adjutant General. However, the March 2014 letter to the NPRC does not include the same notation. Thus, it is unclear whether the Veteran's DD Form-214s and the November 1954 response from the Army Adjutant General were provided to the NPRC as instructed by the Board's February 2014 remand.

The Board finds that the AOJ did not substantially comply with the previous Remand directives. Although the AOJ sent a letter to the NPRC and received a negative response, it is unclear whether the AOJ included the Veteran's DD Form-214s and the November 1954 response from the Army Adjutant General in its letter to the NPRC as instructed by the February 2014 remand. Furthermore, the NPRC's response did not include a detailed explanation as requested by the Board, perhaps because it did not have the Veteran's DD Form-214s and the November 1954 response from the Army Adjutant General. Since the nature of the Veteran's service is critical to the appellant's claim, a remand is necessary to ensure that the questions asked by the Board are answered.

As the claim for service connection for residuals of a low back injury is intimately connection with the determination of character of service at the time of the contended injury, the Board with defer a decision on this issued pending further development.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Provide to the National Personnel Records Center (NPRC) copies of the Veteran's two DD Form 214s and the November 1954 response from the Army Adjutant General. Request that NPRC, on behalf of the Army, provide detailed and specific answers to the following questions:

a. Did the Veteran's first term of active duty expire on March 9, 1951 or was it validly and involuntarily extended to October 27, 1951 as indicated on the Veteran's DD Form 214?

b. Was the Veteran unconditionally discharged at the expiration of term of service on October 27, 1951 and absent a voluntarily reenlistment could he have ended his active duty service? If not, please explain in detail why the Veteran was no eligible for complete separation and why the October 27, 1951 reference to AR-360 ETS in block 8 does not indicate an unconditional expiration of term of service.

c. If the Veteran was not eligible for complete separation on October 27, 1951, and if he had not reenlisted, when and for what reasons would he have been eligible for complete separation?

d. In summary did the Veteran have two separate and complete periods of active duty service or was his obligated active service a single period from March 7, 1948 to April 6, 1954 with an intervening reenlistment on October 28, 1951 when he was no eligible for a complete separation?

Detailed answers and explanations are required. A response such as "no change to the previous information" is insufficient.

2. If detailed responses are not provided by the NPRC, then, again, provide the same documents and questions directly to the Army Adjutant General at the U.S. Army Human Resources Command, 1600 Spearhead Di. Ave., Dept. # 420. Fort Knox, KY 40112-5400, so that detailed responses can be obtained.

3. After undertaking any additional development which it deems to be necessary, readjudicate the appellant's issue of character of discharge and service connection for residuals of a low back injury for accrued benefits purposes. If the benefit sought on appeal remains denied, the appellant should be provided a supplemental statement of the case and given an appropriate opportunity to respond. Thereafter, the case should be returned to the Board for further consideration, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).





_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).